UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERSHEL WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-2094 CAS |
| | ) |
| NORTHVIEW VILLAGE NURSING | ) |
| CENTER and MARKLOUF SOUISSA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions to dismiss: (1) defendants Northview Village Nursing Center ("Northview Village") and Makhlouf Suissa's ("Suissa") motion to dismiss, and (2) defendant Suissa's separate motion to dismiss.[1] Plaintiff Hershel Walker has not filed any response, and the time for doing so has passed. For the following reasons, defendants' combined motion to dismiss will be granted in part and denied in part, and defendant Suissa's separate motion to dismiss will be granted.

**Background**

Plaintiff, a former employee of Northview Village, filed the instant *pro se* employment discrimination case against Northview Village and his supervisor, defendant Suissa pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. Plaintiff alleges he was subjected to discrimination based on his race and religion and that his termination was retaliatory. Plaintiff seeks compensatory damages.

---

[1]In his complaint, plaintiff incorrectly spelled defendant Suissa's name "Marklouf Souissa."

On November 7, 2013, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming religious discrimination and retaliation. In the charge, plaintiff alleged that he was subjected to unwarranted jokes and comments regarding his religious beliefs. He said he tried numerous times to complain to the human resources director, but was never afforded a meeting. He believes he was laid off in retaliation for his complaint of religious discrimination. (Defs.' Mot., Ex. A).

The EEOC investigated plaintiff's claims of religious discrimination and retaliation, and issued a notice of right to sue on September 12, 2014. See Doc. 14, ¶ 5. On December 1, 2014, plaintiff filed this action in the Circuit Court for the City of St. Louis. Defendants removed the action to this Court on December 23, 2014.

Defendants move to dismiss the action for failure to state a claim, because they allege plaintiff failed to raise the issue of race discrimination before the EEOC in his charge of discrimination. Additionally, defendant Suissa moves to dismiss the claims against him on the grounds that (1) there is no individual liability pursuant to Title VII; and (2) plaintiff did not name defendant Suissa as a respondent in the charge of discrimination filed with the EEOC.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

    A.    <u>Defendants Northview Village and Suissa's Motion to Dismiss for Failure to Exhaust Administrative Remedies</u>

Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). As the Eighth Circuit has recognized, "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)), *abrogated on other grounds by* Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). Although the Eighth Circuit does not require that subsequently-filed lawsuits mirror the administrative charges, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Duncan, 371 F.3d at 1025 (internal quotations and citations omitted). "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002). Claims of discrimination raised in a judicial complaint that were not previously raised in an EEOC charge, or are not "like or reasonably related to" such EEOC claims, are deemed not to be exhausted and are thus barred from judicial review. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

Plaintiff filed a discrimination charge with the EEOC on November 7, 2013, using the standard EEOC charge form. The form instructs complainants to check the appropriate boxes for the alleged cause of discrimination. Plaintiff checked the boxes for "religion" and "retaliation." Although a box is provided on the form for "race," plaintiff did not check this box on his charge of discrimination. In the space provided for "particulars," plaintiff described the allegedly discriminatory and retaliatory conduct:

1. I was employed by the above in the position of Painter/Maintenance worker. I was subjected to unwarranted harassment and different treatment. I was laid-off.

2. During my employment I was subjected to unwarranted jokes and comments in regards to my religious beliefs. I was subjected to comments such as "F" your God; "did I want some pork"; etc. I complained to my immediate supervisor, Allen Koontz, Maintenance Director, regarding harassment, different treatment, and co-workers sleeping on the job, to no avail. I tried numerous times to complaint to Ralph Menees, Human Resources, but was never afforded a meeting.

3. On October 4, 2013, I was laid-off by Mr. Koontz, due to the Owner, [Makhlouf Suissa], stating to lay-off a Painter.

4. I believe that I have been discriminated against due to my religion, Israelite and in retaliation for complaining of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

Defs.' Mem., Ex. A.

In his judicial complaint filed in this Court, plaintiff states that he "was discriminated against because of my race and religion." He states:

> I was made to complete more work projects and was not treated the same as the other (painters) co-workers I work with. I was constantly hounded and harassed about my productivity.
>
> I endured racial and religious insults and jokes and even had my truck and tools stolen off of [the] company parking lot. I was denied my vacation pay as well

>among other things I was also discriminated against by way of or because of nepotism and was laid off not because of merit.

Compl. at 1.

The question before the Court is whether the allegations in plaintiff's complaint that he was racially discriminated against are like or reasonably related to the substance of the allegations in his EEOC charge of discrimination. Having carefully reviewed plaintiff's EEOC charge, the Court finds the plaintiff did not include information in his charge concerning the purported racial discrimination. He did not check the box indicating that he was being discriminated against on the basis of his race, nor did he indicate in his typewritten narrative that he believed he was being discriminated against as a result of his race. The EEOC charge does not mention any alleged racial discriminatory conduct. It certainly does not mention any racial insults or jokes.

The Court finds that plaintiff's claim of racial discrimination in his judicial complaint is separate and distinct from his EEOC charge of religious discrimination and retaliation. Plaintiff made no allegations indicative of race discrimination in his EEOC charge. See, e.g., Williams, 21 F.3d at 222 (noting that plaintiff's EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); Duncan, 371 F.3d at 1025 (noting plaintiff's EEOC charge left the "sex" box empty and "charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment"). Plaintiff presents no argument or evidence to the Court demonstrating that his current claim of race discrimination is like or reasonably related to any claim raised in his EEOC charge of discrimination such that the claim should be considered exhausted. Also, plaintiff has not presented the Court with any argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to excuse his failure to administratively exhaust the claims.

As such, the Court finds that plaintiff's allegations of race discrimination are unexhausted, and defendants' motion to dismiss this claim for failure to exhaust administrative remedies will be granted.

B.       Defendant Suissa's Separate Motion to Dismiss Plaintiff's Complaint

Defendant Makhlouf Suissa has filed a separate motion to dismiss, stating the any Title VII claims against him fail to state a claim upon which relief can be granted because individuals are not subject to individual liability under Title VII. The Court will grant defendant Suissa's motion on this ground.

"[I]t is well settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII . . . ." Ebersole v. Novo Nordisk, Inc., 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); see also Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997). Plaintiff's claims of religious discrimination and retaliation under Title VII may only be brought against his employer—defendant Northview Village—not Mr. Suissa. Thus, because plaintiff can plead no set of facts that would expose Suissa to individual liability under Title VII, these claims must be dismissed. See e.g., Scruggs v. Greyhound Lines, Inc., 2013 WL 2630334, *2 (E.D. Mo. June 11, 2013) (dismissing Title VII claims against employee's supervisors).

Accordingly,

**IT IS HEREBY ORDERED** that defendants Northview Village Nursing Center and Makhlouf Suissa's motion to dismiss is **GRANTED in part** and **DENIED in part**. [Doc. 18] The motion is **GRANTED** to the extent it seeks dismissal of plaintiff's claims based on racial discrimination, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that defendant Makhlouf Suissa's separate motion to dismiss is **GRANTED**. [Doc. 20]

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this    30th    day of June, 2015.